**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1453
_____

SHAQUILLE MKECHI JABARI ESPINOZA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(Agency No. A200-430-839)
Immigration Judge:  Tamar H. Wilson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 17, 2023
_____

Before:  CHAGARES, Chief Judge, MATEY and FUENTES, Circuit Judges

(Filed: December 1, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

**CHAGARES**, <u>Chief Judge</u>.

Shaquille Mkechi Jabari Espinoza ("Espinoza") petitions this Court for review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from the Immigration Judge's ("IJ") order denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and denying a motion to reopen. For the reasons that follow, we will deny in part and dismiss in part the petition for review.

I.[1]

Espinoza, a native and citizen of Trinidad and Tobago ("Trinidad"), became a lawful permanent resident of the United States in April 2010. He was charged as removable based on criminal convictions in 2017 and 2018. <u>See</u> 8 U.S.C. § 1227(a)(2)(A)(ii)–(iii). The IJ sustained the charges of removability against Espinoza. He sought relief from removal in the form of asylum, withholding of removal, and CAT protection, claiming past persecution, a fear of future persecution, and a likelihood of torture in Trinidad on account of being bisexual.

Espinoza appeared pro se at a video hearing before the IJ in January 2020. He testified to a violent incident that occurred during a September 2010 visit to Trinidad, during which a group of men attacked him, his cousins, and his friend while they were going to an LGBTQ meeting place. He explained that he was not openly bisexual in the United States or Trinidad but was victimized because he accompanied a cousin who was

---

[1] Because we write for the parties, we recite only those facts pertinent to our decision.

openly gay. As a result of the attack, he suffered pain, bruises, and bleeding, and he went to the hospital. The doctor at the hospital recommended stitches for the wound on his face, but Espinoza declined to get stitches. This was his only experience of being attacked in Trinidad, although his cousins suffered subsequent harm and, in 2016, Espinoza received threats through social media from the people who attacked him.[2]

During Espinoza's testimony concerning the attack, technical difficulties occurred, which left a portion of Espinoza's testimony unrecorded. When the IJ became aware of the problem, she summarized the testimony and re-asked questions, had the Government re-ask questions, and verified with both parties that the summary was accurate to the best of their recollections. The IJ confirmed, for example, that Espinoza did not suffer broken bones from the 2010 attack but does have a scar. She also confirmed that Espinoza did not report the attack to the police because his cousins told him the police in Trinidad are corrupt.

The IJ denied relief. She found that Espinoza was not credible, but also considered the merits of his claims. She concluded, among other things, that the harm he described did not rise to the level of persecution, that he did not provide evidence that he faces a risk of harm by anyone the government is unable or unwilling to control, and that he did not demonstrate a particular risk of torture.

Espinoza appealed to the BIA and obtained counsel. He missed the briefing deadline, apparently due to issues with service, and counsel sought an extension. The

---

[2] Espinoza did not provide copies of the social media threats because he had not used Facebook for nearly three years prior to the hearing and did not remember his password.

3

BIA overlooked counsel's extension motion and issued an order in September 2020 in the absence of briefing, affirming the IJ's decision.

Espinoza married a United States citizen in November 2020 and his spouse filed a visa petition on his behalf. Espinoza then filed a motion to reopen with the BIA to pursue adjustment of status based on the pending visa petition. The BIA issued an interim decision acknowledging that it had overlooked Espinoza's extension motion. It therefore vacated the September 2020 decision, reopened the case, and allowed briefing. After briefing, the BIA dismissed the appeal on the merits and denied the motion to reopen. This timely petition for review followed.

II.[3]

A.

To be granted asylum, Espinoza was required to show, among other things, that he is unable or unwilling to return to Trinidad due to past persecution or a well-founded fear of future persecution on account of a protected ground. See Chavarria v. Gonzalez, 446 F.3d 508, 516 (3d Cir. 2006). Eligibility for withholding of removal is similar but more

---

[3] The BIA had jurisdiction over the appeal of the IJ's decision under 8 C.F.R. § 1003.1(b) and the motion to reopen under 8 C.F.R. § 1003.2. We have jurisdiction to review the BIA's decisions under 8 U.S.C. § 1252(a)(1). Our review generally is limited to the BIA's decision only. Id. § 1252; Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010). If, however, the BIA states that it is deferring to the IJ or invokes specific aspects of the IJ's analysis and factfinding, we review both decisions. Thayalan v. Att'y Gen., 997 F.3d 132, 137 (3d Cir. 2021).

difficult to satisfy.[4]  For that form of relief, he was required to show a "clear probability"

of persecution in Trinidad.  See Blanco v. Att'y Gen., 967 F.3d 304, 310 (3d Cir. 2020).

Espinoza claims he demonstrated that he suffered past persecution and is therefore

entitled to a presumption of future persecution for his asylum and withholding claims.

See Doe v. Att'y Gen., 956 F.3d 135, 141 (3d Cir. 2020) (holding that an asylum

applicant who shows past persecution is entitled to a rebuttable presumption of future

persecution); Thayalan v. Att'y Gen., 997 F.3d 132, 138 (3d Cir. 2021) (same for a

withholding applicant).  The BIA concluded that Espinoza did not establish past

mistreatment rising to the level of persecution.

Whether a petitioner has shown past persecution is a mixed question of law and

fact.  See Huang v. Att'y Gen., 620 F.3d 372, 383–84 (3d Cir. 2010); see also Liang v.

Att'y Gen., 15 F.4th 623, 627 (3d Cir. 2021) (Jordan, J., concurring).  We lack

jurisdiction to review factfinding because Espinoza has conceded that his 2017 and 2018

convictions constitute either aggravated felonies or crimes involving moral turpitude.  In

light of these convictions, the Immigration and Naturalization Act limits our review to

legal questions and constitutional claims.  See 8 U.S.C. § 1252(a)(2)(C)–(D).  We do,

however, retain jurisdiction to consider whether the facts satisfy the past persecution

standard.[5]  Guerrero-Lasprilla v. Barr, -- U.S. --, 140 S. Ct. 1062, 1067 (2020); Herrera-

---

[4] A petitioner who fails to establish asylum eligibility necessarily fails to qualify for withholding of removal.  Blanco v. Att'y Gen., 967 F.3d 304, 310 (3d Cir. 2020).
[5] Judge Jordan recognized in his concurrence in Liang, 15 F.4th at 628–29 (Jordan, J., concurring), that a number of our cases appear to treat the past persecution determination exclusively as a question of fact.  We need not decide in this case whether the issue is better viewed as exclusively factual or as a mixed question of fact and law.  If we were to

Reyes v. Att'y Gen., 952 F.3d 101, 106 (3d Cir. 2020).  We review this legal issue de novo.  Id.

Espinoza claims it was error for the BIA to conclude that the beating he suffered in 2010 did not constitute past persecution.  He was hospitalized and has a scar from the incident.  He believes these facts rise to the level of persecution.  We disagree.

Persecution is "extreme behavior, including 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.'"  Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)).  It is reprehensible that Espinoza suffered an attack at the hands of criminals motivated by discriminatory bias.  The attack, however, was a single incident that did not result in serious injury.  This harm is not sufficiently extreme to rise to the level of persecution.[6]  See Jarbough v. Att'y Gen., 483 F.3d 184,

---

consider the BIA's past persecution determination exclusively as a question of fact, we would dismiss the claim under 8 U.S.C. § 1252(a)(2)(C)–(D) for lack of jurisdiction.

[6] Espinoza argues at length that remand is required because the IJ's credibility determination cannot be adequately reviewed due to the unrecorded portion of the hearing.  The BIA's decision did not rest on a lack of credibility, instead resolving Espinoza's appeal on other dispositive grounds.  Nonetheless, according to Espinoza, the BIA "implicitly" adopted the adverse credibility finding.  Espinoza Br. 39.  We disagree.  We assume (as the BIA did) that Espinoza's testimony was credible in reaching our conclusions.

Espinoza further argues that the subsequent attacks against his cousins and the social media threats he received in 2016 support his past persecution claim.  The BIA observed that this evidence was more relevant to establishing a future persecution claim than a past persecution claim.  Espinoza now concedes that the BIA's conclusion as to the social media threats is supported by substantial evidence.  But this evidence is to no avail in any event because, as we will discuss in the next section, Espinoza failed to persuade the BIA that the government of Trinidad would be unable or unwilling to protect him from persecution, and we lack jurisdiction to review that finding of fact.

191 (3d Cir. 2007) (concluding that a beating resulting in bruising did not rise to the level of persecution).

## B.

Espinoza not only was required to demonstrate past persecution or a well-founded fear of future persecution; he also had to show that the government was complicit to some degree in the harm he faces. Galeas Figueroa v. Att'y Gen., 998 F.3d 77, 86 (3d Cir. 2021). In other words, he had to show that the government of Trinidad is unable or unwilling to control the forces committing the persecution. Valdiviezo-Galdamez v. Att'y Gen., 502 F.3d 285, 288 (3d Cir. 2007).

The BIA determined that Espinoza failed to establish that the government of Trinidad is unable or unwilling to protect him from persecution. This is a factual determination. See Galeas Figueroa, 998 F.3d at 91; Fiadjoe v. Att'y Gen., 411 F.3d 135, 153 (3d Cir. 2005). As we have already observed, due to Espinoza's criminal convictions, we lack jurisdiction to review the BIA's factual findings.[7] See 8 U.S.C. § 1252(a)(2)(C)–(D). We therefore will dismiss his challenge to the BIA's determination that he failed to show government complicity. See, e.g., Rendon v. Barr, 952 F.3d 963,

---

[7] Espinoza argues that he attempted to show a fear of future persecution because there is a pattern or practice of persecution of bisexuals in Trinidad, and claims the BIA committed reversible error for failing to consider his pattern or practice claim. We disagree. The BIA need not have reached this issue because Espinoza's failure to meet the unable-or-unwilling-to-control test was dispositive of his asylum and withholding claims. See Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2003).

7

971 (8th Cir. 2020) (holding that, under 8 U.S.C. § 1252(a)(2)(C)–(D), the Court of Appeals lacked jurisdiction to review a claim of government complicity in persecution).

C.

Espinoza next claims his due process rights were violated because the BIA decided his case without the benefit of the portion of testimony that was not recorded. He claims the transcript omission came at a critical juncture, and the IJ's effort to summarize the testimony once recording resumed was not an adequate replacement for his original testimony. To prevail on a due process claim, Espinoza must show that he was prevented from reasonably presenting his case and that he suffered substantial prejudice as a result. See Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006).

It is extremely concerning that a portion of Espinoza's testimony is missing from the record. Nonetheless, the IJ made a considerable effort to protect Espinoza's rights by summarizing his testimony, confirming and questioning him to complete the record, and allowing him to provide additional testimony if he desired. The IJ asked, for instance, if Espinoza had more to add to his testimony and whether she had correctly described his positions. See Administrative Record ("AR") 665 ("JUDGE TO MR. ESPINOZA . . . [I]s there anything else you want to say, sir? Or is there anything else I missed that you want me to repeat or anything like that on the record since we weren't recording through a part of it? MR. ESPINOZA TO JUDGE I'm not 100% sure of everything that you missed, but I . . . think we got everything. I believe you got everything."). Espinoza has identified no evidence that he provided during the unrecorded portion of his testimony

8

that would have changed the outcome of his case. We therefore conclude that he has not established the substantial prejudice necessary to prevail on his due process claim.

D.

We review the BIA's denial of a motion to reopen for abuse of discretion. Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). The decision will be reversed only if it is arbitrary, irrational, or contrary to law. Id. Due to his criminal convictions, Espinoza conceded that he was inadmissible and therefore sought reopening to pursue a waiver of inadmissibility. Such a waiver is granted if a United States citizen family member will suffer "extreme hardship" upon his removal. See 8 U.S.C. § 1182(h)(1)(B).

Espinoza argues that the BIA erred in concluding that he did not establish prima facie eligibility for a waiver of inadmissibility based on extreme hardship to his wife and father. He contends the BIA inadequately considered his hardship evidence, including health problems such as vertigo, anxiety, and hypertension.

The BIA expressly considered the evidence and concluded that "[e]ven considering these hardships aggregately, [Espinoza] has not established that his removal would result in hardship that is unusual or beyond that which would normally be expected." Appendix ("App.") 7. Espinoza's quarrel with this conclusion reflects no more than a disagreement with the agency's weighing of the evidence. This is a factual dispute beyond our jurisdiction. See Chiao Fang Ku v. Att'y Gen., 912 F.3d 133, 144 (3d

Cir. 2019).  We therefore will dismiss this aspect of the petition and need not consider Espinoza's additional arguments pertaining to the denial of the motion to reopen.[8]

## III.

For the foregoing reasons, we will dismiss the petition for review in part for lack of jurisdiction and deny it in remaining part for lack of merit.

---

[8] Espinoza does not challenge the agency's denial of his CAT claim.